**Paul BLUMBERG, Plaintiff–Appellant,**

v.

**Brian HEWITT; et al., Defendants–Appellees.**

**No. 12–56568.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 14, 2014.*

Filed Oct. 21, 2014.

Paul Blumberg, Canyon County, CA, pro se.

Kimberly Colwell, Kevin Gilbert, Meyers Nave Riback Silver & Wilson, APLC, Oakland, CA, Michael Allen, Lawrence Beach Allen & Choi, PC, Glendale, CA, Zaynah Moussa, Esquire, Lawrence Beach Allen & Choi, PC, Santa Ana, CA, Lisa S. Berger, Los Angeles City Attorney's Office, Los Angeles, CA, for Defendants–Appellees.

Before: LEAVY, GOULD, and BERZON, Circuit Judges.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Former California state prisoner Paul Blumberg appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging civil rights violations arising from his state court conviction for assault with a semiautomatic firearm, attempted murder, and conspiracy to commit murder. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Fed.R.Civ.P. 12(c). *Berg v. Popham*, 412 F.3d 1122, 1125 (9th Cir.2005). We may affirm on any ground supported by the record. *Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir.2006). We affirm in part, reverse in part, and remand.

The district court properly dismissed Blumberg's malicious prosecution claims as *Heck*-barred because a favorable judgment on these claims would necessarily imply the invalidity of his guilty plea conviction for attempted murder. *See id.* at 703–04. To the extent that Blumberg's other claims are premised on his alleged actual innocence, they fail for the same reason.

However, to the extent that Blumberg's procedural due process and conspiracy claims are premised on the "*Brady* violations" and "fabrication of evidence" in his overturned 1998 conviction, the district court improperly dismissed such claims, as Blumberg's original conviction has been reversed and his later guilty plea was "completely insulated from" defendants' alleged violations. *Jackson v. Barnes*, 749 F.3d 755, 759–60 (9th Cir.2014) (Fifth Amendment violation claims against county sheriff's department and deputy were not *Heck*-barred because the criminal defendant was reconvicted without use of the

evidence obtained in violation of his constitutional rights).

To the extent that Blumberg's claims against defendant Hewitt arise from Hewitt's alleged perjury, dismissal of Blumberg's claims was proper because absolute immunity protects a police officer testifying as a witness. *See Paine v. City of Lompoc*, 265 F.3d 975, 981–82 (9th Cir. 2001) (discussing witness immunity).

The parties shall bear their own costs on appeal.

**AFFIRMED IN PART, REVERSED IN PART, and REMANDED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.